UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL BEALL, | ) |
| | ) |
|         Plaintiff | ) |
| | ) |
| v. | )  1:13-cv-00131-GZS |
| | ) |
| CORRECTION OFFICER BECKER, | ) |
| | ) |
|         Defendants | ) |

**ORDER GRANTING LEAVE TO PROCEED**
***IN FORMA PAUPERIS***

Plaintiff Michael Beall, an inmate at the Somerset County Jail, Madison, Maine, seeks

leave to proceed *in forma pauperis*.  On April 8, 2013, Mr. Beall filed his first motion for leave

to proceed *in forma pauperis* (ECF No. 2).  I issued an order reserving ruling on the motion and

directing the clerk to furnish the prisoner with a new IFP application in order that he may obtain

the necessary certification on his IFP application and a copy of his prison account from an

authorized individual at the prison.  I set a deadline of April 23, 2013, in order for the plaintiff to

accomplish this.  On April 22, 2013, Mr. Beall filed a second motion for leave to proceed in

forma pauperis, (ECF No. 5), but it was still uncertified and there was no prison account.  Beall

did provide two inmate request forms wherein he is requesting notarization from someone at the

prison.

It appears that the plaintiff has confused the term "notary" and "certification."  A notary

for the State of Maine is someone whose application has been reviewed, processed, and approved

by the Secretary of State.  Once a notary, that person may perform certain official duties,

primarily to formally witness transactions involving paper documents.  Mr. Beall's IFP

application need not be "notarized," it only needs to be certified by an authorized person at the

prison.  Fortunately, counsel for the prison, at my request for assistance, obtained a properly

completed IFP application from Mr. Beall which was duly signed and certified by an authorized

person at the prison.  With the application is a copy of Mr. Beall's prison account.  These

documents have now been docketed at ECF No. 6.  I am now able to rule on the Motion to

Proceed *In Forma Pauperis*.

   My review of the ledger sheet indicates that the applicant had $0.00 in his account as of

April 2, 2013.  In fact, it is reported on his motion to proceed *in forma pauperis* that he owes the

prison $159.12.  Over the last six months the average deposits have been $7.79 and the average

monthly balance has been $0.53.  The application is GRANTED.  However, pursuant to 28

U.S.C. § 1915(b)(1), the plaintiff is required to pay the entire filing fee in this matter as funds

become available.  An initial partial filing fee is hereby ASSESSED in the amount of $1.56.  In

the event that the plaintiff elects to proceed with this matter and so notifies the Court, the initial

partial filing fee shall be forwarded by the institution as soon as funds are available.  Subsequent

payments **of twenty percent (20%) of the plaintiff's prior monthly income** shall be forwarded

directly **by the institution** each time the amount in the inmate's account exceeds $10.00 until

such time as the entire filing fee of $350.00 has been paid.  The plaintiff is advised that, in the

event he is released from incarceration prior to the filing fee of $350.00 being paid in full, he is

still required to pay the entire filing fee, absent further order of the court relieving him of the

obligation.

In addition, the plaintiff is hereby on notice that the court may dismiss this action if it:

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).  If the court does dismiss the action under this section, the plaintiff will still be required to pay the filing fee in full.

Further, the plaintiff is hereby on notice that a prisoner with three in forma pauperis actions dismissed under section 1915(e) may not thereafter, absent "imminent danger of serious physical injury," file a new action without prepayment of the entire filing fee.  28 U.S.C. § 1915(g).

Mr. Beall's complaint is particularly susceptible to dismissal.  The extent of Beall's complaint is as follows:

> C/O Becker at 11:11 AM called me a lier, an C/O Mcather was the witness!
> When I said why did you call me a lier to C/O Mcather, he stated "I will call you a lier right to your face."  I said that is slander, he stated "it is a matter of opinoin"!
> I said that if it was a matter of opinoin you would put "I think" in front of it!  That would be an opinion.  I am deeply hurt by this, an am afraid it is going to mess up my crediability an my present statutes!

(ECF No. 1-2.)

Before deciding to incur the cost of this suit I want the plaintiff to be aware that Congress has provided that, as an inmate at a correctional facility, he cannot recover monetary damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Although a plaintiff may be able to obtain injunctive relief absent physical injury, verbal threats and harassment alone do not state a claim for a constitutional

3

violation.  See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (affirming a 28 U.S.C.

§ 1915(e)(2)(B)(i) dismissal of a claim that alleged verbal abuse); McDowell v. Jones, 990 F.2d

433, 434 (8th Cir.1993) (allegations that prison staff harassed inmate in general and in particular

to dissuade him from filing a grievance did not state a claim for a constitutional violation, noting

the absence of allegations that the inmate was actually denied access to the grievance procedure).

 Nor do they violate any other federal statute.  If the plaintiff cannot set forth a non-frivolous

claim of a constitutional violation or a violation of another federal statute designed to protect

prisoners, his claim will be summarily screened and dismissed.

Now therefore, the plaintiff shall notify the Court no later than May 14, 2013, whether he

intends to incur the cost of the filing fee and proceed with this action, or whether he intends to

forego this litigation at this time.  If the plaintiff elects to proceed, the written notification shall

clearly indicate that the plaintiff understands his obligation to pay the full $350 filing fee as funds

are available, and that he nevertheless wishes to proceed with the action.  Failure to fully comply

with this order will result in the issuance of a recommendation to dismiss the complaint.  A copy

of this order shall be forwarded to the Business Office of Somerset County Jail, Madison, Maine,

*following* the plaintiff's indication to the Court that he intends to go forward with this matter and

incur the $350.00 cost of suit.

SO ORDERED.

April 24, 2013                                                  /s/  Margaret J. Kravchuk
                                                                     U.S. Magistrate Judge

4