UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL BEALL, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) 1:13-cv-00131-GZS |
| | ) |
| CORRECTION OFFICER BECKER, | ) |
| | ) |
|     Defendant | ) |

**RECOMMENDED DECISION**

On April 8, 2012, Michael Beall, an inmate at the Somerset County Jail, filed a complaint against Correction Officer Becker. After a preliminary contretemps with the officials at the county jail who had failed to give Beall a certified copy of his prisoner account, the court obtained the necessary documentation and granted Beall in forma pauperis status, subject to a conditional order for payment of the filing fee in accordance with the PLRA. I gave Beall until May 14, 2013, to notify the court if he wanted to proceed with the litigation. I warned Beall that his complaint, as currently drafted, would likely be subject to summary dismissal for failure to state a claim and that he might want to consider that fact before indicating that he wished to incur the cost of this litigation. Beall has not contacted the court since I entered that order on April 24, 2013. He has neither indicated that he wishes to proceed with the complaint as currently drafted nor has he filed an amended complaint indicating additional facts warranting further consideration.

The extent of Beall's current complaint is as follows:

> C/O Becker at 11:11 AM called me a lier, an C/O Mcather was the witness! When I said why did you call me a lier to C/O Mcather, he stated "I will call you a lier right to your face." I said that is slander, he stated "it is a matter of opinoin"! I said that if it was a matter of opinoin you would put "I think" in front

>of it! That would be an opinion. I am deeply hurt by this, an am afraid it is going to mess up my crediability an my present statutes!

(ECF No. 1-2.)

As an inmate at a correctional facility, Beall cannot recover monetary damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Although a plaintiff may be able to obtain injunctive relief absent physical injury, verbal threats and harassment alone do not state a claim for a constitutional violation. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (affirming a 28 U.S.C. § 1915(e)(2)(B)(i) dismissal of a claim that alleged verbal abuse); McDowell v. Jones, 990 F.2d 433, 434 (8th Cir.1993) (allegations that prison staff harassed inmate in general and in particular to dissuade him from filing a grievance did not state a claim for a constitutional violation, noting the absence of allegations that the inmate was actually denied access to the grievance procedure). Nor do they violate any other federal statute.

Beall's complaint also relates to his inability to obtain the services of a notary (ECF No. 1-3), but that particular deprivation is noncognizable as a constitutional violation. Beall does not allege that he has been deprived access to the courts. Indeed, he was able to complete all of the necessary paperwork for submitting his claim to this court without the services of a notary. I know of no constitutional or federal statutory requirement that a county jail furnish the services of a notary to inmates, absent a particularized need relating to access to the courts.

Based upon Beall's failure to file a response to my order that he notify the court of his intent to proceed and based upon the pleading deficiencies of his complaint, I recommend summary dismissal of this matter. My recommendation for dismissal is based upon both Rule 41(b) of the Federal Rules of Civil Procedure, failure to prosecute, and 28 U.S.C. § 1915A(b),

which authorizes summary dismissal of any prisoner complaint that fails to state a claim upon which relief may be granted.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

May 24, 2013                                  /s/ Margaret J. Kravchuk
                                              U.S. Magistrate Judge